ROBERT PORTEOUS v. COMMONWEALTH LUMBER COMPANY.[1]

June 15, 1900.

Nos. 12,031—(147).

**Logging Contract—Validity of Rescale—Evidence.**

The parties hereto entered into a contract whereby the plaintiff agreed to cut and haul certain logs for the defendant for a stipulated compensation per one thousand feet, the logs to be scaled by a scaler agreeable to both parties. The plaintiff was dissatisfied with the result of the scale, and the logs were rescaled by a deputy of the surveyor general, and this action was brought to recover for cutting and hauling the number of feet of logs shown by the official scale. The jury found that such rescale was

1 Reported in 83 N. W. 143.

made by agreement of the parties. Upon a consideration of the evidence, *held*:

1. That such agreement was not void for want of a consideration to support it.

2. That the rescale was not void because the official scaler was selected without notice to the defendant.

3. That the official scale was valid, and a certified copy of the record thereof was rightly received in evidence.

Action in the district court for Becker county to recover $1,910.46 under contracts for cutting and hauling logs. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*J. B. Atwater*, for appellant.

*M. L. Countryman*, for respondent.

START, C. J.

The parties hereto entered into two written contracts. In and by the first one the plaintiff agreed to cut and skid for the defendant all of the timber on the land therein described for the agreed price of $1.50 per thousand feet, the logs to be scaled on the banks when landed by a competent scaler agreeable to both parties. The plaintiff, by the second contract, agreed to cut, skid, and land for defendant all the timber on the premises therein described for a like compensation, the logs to be scaled and marked on the skidways in the woods by a competent scaler agreeable to the parties. The plaintiff cut and hauled the logs as required by the contracts, and they were scaled by scalers who were agreeable to both parties. The plaintiff, however, was dissatisfied with the result of the scale, and insisted that he was entitled to pay for a greater number of feet of logs than the scalers had allowed him. Thereupon he caused the logs to be rescaled by a deputy surveyor general, pursuant to an agreement with the defendant, as he claims. This official scale showed some two hundred thousand feet of logs in excess of the original scales, and the plaintiff brought this action to recover the contract price for cutting and hauling the number of feet of logs shown by the official scale.

He alleged in his pleadings that the rescale was made pursuant

to the mutual agreement of the parties. The defense so far as here material was a denial of this alleged new agreement, and, further, that the original scales were final and conclusive between the parties. The trial court submitted to the jury the question whether there was a mutual agreement for a rescale of the logs. The verdict, which is sustained by the evidence, was for the plaintiff for $1,270, and necessarily includes a finding that the agreement was made as alleged. The defendant appealed from an order denying its motion for a new trial.

1. The defendant claims substantially that the original scales made pursuant to the contracts were conclusive on the parties unless impeached for fraud, or gross error equivalent to fraud; hence there was no consideration for the new agreement or arrangement, because it was, at most, an agreement to pay the plaintiff something more than he was entitled to under the contract. The trial court instructed the jury to the effect that the original scales were conclusively binding on the parties, unless the rescale was made by the agreement or consent of the parties; hence the verdict, for the purposes of this appeal, conclusively establishes an agreement to waive the original scale, and for a rescale of the logs. If the defendant's claim is correct, that this agreement was simply a promise to pay to the plaintiff more than he was legally entitled to, the conclusion would logically follow that it was without consideration.

There was evidence on the trial (although it was far from conclusive) tending to show that there was a bona fide dispute between the parties as to the correctness of the original scales,—the plaintiff, in effect, claiming that a wrong rule was used, and that he was entitled to pay for a greater number of feet of logs than the scales showed, and that he insisted on a rescale; that the defendant waived its insistence on the correctness of the original scales, and impliedly, if not directly, consented that the plaintiff might, at his own expense, have the logs rescaled by a state scaler, and that it was mutually understood that the plaintiff should be paid on the basis of such rescale, if it was correct; and, further, that the plaintiff did, pursuant to such consent and promise, cause the logs to be rescaled by a competent state scaler designated by the

surveyor general. These facts may be fairly inferred from the evidence in support of the verdict. It follows that the new agreement or arrangement of the parties was not, as defendant claims, simply a promise on its part to pay for an extra amount of logs that might be shown by a rescale, and hence without consideration; but it was a waiver of the original scales, and a mutual consent to accept the rescale as the basis for computing the plaintiff's compensation. This was a sufficient consideration to support the agreement.

2. The defendant further claims that the rescale was not valid, because the official scaler was selected, and the scale made without notice to it. Counsel for the defendant seems to treat the agreement for a rescale of the logs as an agreement to arbitrate the controversy between the parties, and that the state scaler was to act as an arbitrator in the premises. Our understanding is that this question was not raised on the trial. But this aside, the evidence does not justify counsel's view of the question.

We have already stated what the evidence tended to show. It is only necessary to add that there was no evidence tending to show that the state scaler was to be selected and agreed upon by the parties, but, on the contrary, it tends to show that the defendant consented that plaintiff might have the logs rescaled at his own expense by any state scaler. There was evidence tending to show that the manager of the defendant, with whom the new agreement was claimed to have been made, stated, pending the negotiations, that he was willing to pay for all logs there were, and "if any state scaler would make out more logs than they had, he was willing to pay for them, if it was a correct scale." The stipulation of the defendant was not that a scaler should be selected by the parties, but that he should be a sworn public officer. The state scaler who made the rescale seems to have been appointed by the surveyor general of logs and lumber, and the plaintiff had nothing to do with his selection. We are of the opinion that the scale of the official scaler was not void for the reasons claimed, but that it was prima facie evidence of the number of feet in the logs in question. The defendant also claims that the rescale was not a valid scale

because it was in part an estimate. The claim is not sustained by the evidence.

3. The defendant assigns as error the ruling of the trial court in permitting the state scaler to testify from certain memoranda showing the totals from his scaling of the logs. It is not clear from the record that the witness, after the objection and ruling were made, did testify from the memoranda; but if he did it was harmless error, if the certified copy of his official scale bill was correctly received in evidence. The defendant objected to this certified copy being received in evidence, which was overruled, and it assigns the ruling as error, for the reason that the state scaler "in making his scale was acting as a private arbitrator, and not as an official of the state." This claim is not justified by the evidence, as we have already suggested. He was not an arbitrator, but a deputy of the surveyor general, and made the scale in his official capacity, and the certified copy thereof was properly received in evidence.

Order affirmed.